Dismissed and Memorandum Opinion filed September 8, 2005









Dismissed and Memorandum Opinion filed September 8, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01032-CV

_______________

 

HOARD GAINER INDUSTRY CO., LTD, Appellant

 

V.

 

A. JOHN KNAPP, Appellee

                                                                                                                                               


On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 03-50732

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 








Hoard
Gainer Industry Co., Ltd. (AHoard@) appeals a take-nothing summary judgment entered in favor of
A. John Knapp on the ground that Knapp received a fraudulent transfer of
property from Timothy J. Gollin, against whom Hoard had an unsatisfied judgment
in a prior case.  However, while this
appeal was pending, the First Court of Appeals reversed Hoard=s judgment against Gollin in the
prior case and rendered judgment that Hoard take nothing against Gollin; and
the Texas Supreme Court denied Hoard=s petition for review of that
decision.[1]

Because
Hoard=s fraudulent transfer claim against
Knapp in this case was asserted solely with regard to Hoard=s claim and judgment against Gollin
in the prior case, and because that judgment has not only been reversed, but a
take-nothing judgment entered in its place, it follows logically that that
claim and judgment are no longer enforceable against Gollin=s assets, and that any transfer of
Gollin=s assets cannot be fraudulent as to
that claim or judgment.  Therefore, there
is no longer a live controversy whether the transfer at issue in this case was
fraudulent with regard to Hoard=s claim or judgment against Gollin, and this appeal of the
trial court=s determination of that issue is
moot.[2]  Accordingly, this appeal is dismissed for
want of jurisdiction.

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered
and Memorandum Opinion filed September 8, 2005.

Panel consists of
Justices Edelman, Hudson and Seymore.

 











[1]           See
Gollin v. Hoard Gainer Indus. Co., Ltd., No. 01‑03‑00435‑CV,
2005 WL 110374 (Houston [1st Dist.]  Jan
20, 2005, pet. denied).





[2]           See
Bd. of Adjustment of City of San Antonio v. Wende, 92 S.W.3d 424, 427 (Tex.
2002) (recognizing that a case becomes moot if a live controversy ceases to
exist between the parties at any stage of the proceedings);  Crown Life Ins. Co. v. Casteel, 22 S.W.3d
378, 391-92 (Tex. 2000) (holding that the issue of how much settlement credit
the defendant was entitled to became moot when the judgment against the
defendant was released).